**CITY OF NEWPORT v. NIER et al.**

Court of Appeals of Kentucky.

Feb. 27, 1951.

Rehearing Denied June 12, 1951.

Geo. T. Muehlenkamp, Fred M. Warren, Newport, for appellant.

Davies & Hirschfeld, Newport, for appellees.

HELM, Justice.

Newport is a city of the second class. Its Ordinance No. 629, section 1, provides:

"Be It Ordained by the Board of Commissioners of the City of Newport, Kentucky:

"Section I

"That whoever shall have in his possession, or on any premises in his occupation or under his control, any machine or contrivance designed for use in betting whereby money or other thing of value may be won or lost, shall be guilty of a misdemeanor and upon conviction thereof shall be fined any sum not to exceed $100.00 or imprisonment not to exceed thirty days or both so fined and imprisoned."

In the Newport Police Court, on December 27, 1950, appellees, Louis Nier and Joe Miller, charged with the violation of section 1 of that ordinance, moved to dismiss the charge on the ground that the ordinance is unconstitutional. Section 168 of our Kentucky Constitution provides: "No municipal ordinance shall fix a penalty for a violation thereof at less than that imposed by statute for the same offense. A conviction or acquittal under either shall constitute a bar to another prosecution for the same offense."

The Court sustained appellees' motion on the ground that the ordinance "describes and sets forth the same offense as is prohibited by KRS 436.230, but fixes a penalty for a violation thereof at less than that imposed by statute." Appellant, City of Newport, appeals to this Court pursuant to KRS 26.090.

KRS 436.230 provides: "Any person who, with or without compensation, sets up, keeps, manages, operates or conducts or assists in setting up, keeping, managing, operating or conducting a keno bank, faro bank or other machine or contrivance used in betting whereby money or anything of value may be won or lost, * * * shall be fined five hundred dollars, and confined in the penitentiary for not less than one nor more than three years. * * *"

Appellant maintains:

"* * * that Section One of Ordinance No. 629 establishes an offense separate and distinct from that established by the statute in question. If this be so, then Section 168 of the Constitution is not violated. * * *

"A mere perusal of the wording of the statute makes it apparent that the phrasing 'sets up, * * * manages, operates or conducts or assists in setting up, * * * managing, operating or conducting' differs in meaning from the phrase used in the ordinance 'have in his possession.' The former obviously requires some act of conducting or carrying on of the game * * something more than the mere possession

required under the ordinance. There remains the words of the statute *'keeps \* \* and assists in keeping.'*

"We are thus brought squarely to the issue: Does the word 'keep' as used in the statute mean mere possession of gaming machines or contrivances?"

Appellees maintain: "\* \* \* that the offense intended to be defined by Ordinance No. 629 is identical with the offense denounced by Section 436.230, KRS, \* \* \*"; that the commissioners, by the ordinance, "intended to fix a more moderate punishment for the identical offense denounced by KRS 436.230, when the offense is committed within the city limits, under circumstances which would make the imposition of the penalty prescribed by statute seem too harsh."

To "keep" includes to possess. One necessarily possesses that which he keeps. Therefore, when he keeps something he is forbidden to possess, he violates the law forbidding the possession and is punishable under it. KRS 436.230 forbids one to keep a device designed for gambling and fixes the minimum penalty at a fine of $500 and confinement in the penitentiary for one year. The ordinance in question forbids the possession of a device designed for gambling and fixes the minimum penalty at a fine of $100. A conviction or acquittal under either the ordinance or the statute would constitute a bar to a prosecution under the other. It follows that the ordinance violates section 168 of our Kentucky Constitution.

We believe the trial court reached the correct conclusion. The judgment is affirmed.